IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | |
| Plaintiff,    ) | |
| )  | |
| vs.                  )  | No. CR-14-217-6-C |
| )  | |
| MAX ALLAN ROMERO,            ) | |
| )  | |
| Defendant.   ) | |

## **O R D E R**

Defendant seeks early termination of his term of supervised release. Defendant was sentenced to 80 months in custody and three years of supervised release for his conviction of conspiracy to possess methamphetamine with the intent to distribute. Plaintiff and the United States Probation Office object to Defendant's request for early termination of supervised release.

18 U.S.C. § 3583(e)(1) governs Defendant's request. In pertinent part that statute states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . .

Defendant has made significant strides in rebuilding his life since his release and the Court commends his efforts. It is, of course, always encouraging when a person has

made a positive turn in life. Nevertheless, after considering the above factors, the Court finds that early termination is not warranted at this time. As noted in Plaintiff's Response, Defendant's offense involved a significant amount of methamphetamine and the sentence imposed including the supervised release term was intended to deter him from future criminal activity. Further, Defendant bases his request on a desire to visit family. However, his probation officer has indicated that can be accomplished while on supervised release. Thus, the Court finds that when considering the underlying offense, and Defendant's actions since release, a longer period of post-incarceration monitoring is necessary.

For the reasons set forth herein, Defendant's request for early termination of his supervised release (Dkt. No. 1154) is DENIED.

IT IS SO ORDERED this 29th day of November 2022.

ROBIN J. CAUTHRON
United States District Judge